IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                                          **NO. CR 08-0046 RB**

**SETH ALEX HORNEDEAGLE, III,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Seth Alex Hornedeagle III's Motion to Continue Jury Trial, filed April 2, 2009. On April 2, 2009, the Court held a hearing in which the Court considered the arguments of counsel and denied Mr. Hornedeagle's motion for a continuance. The Court listed several reasons for its denial of a continuance on the record, but now writes to more fully articulate the reasoning behind its decision to proceed to trial despite the representations of the defense that one of its expert witness, Stephen R. Guertin, would be unavailable to testify at trial.

**I.     Background.**

On January 10, 2008, the Defendant was indicted on charges that, on or about September 5, 2007, he sexually assaulted a minor in Indian country, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(A), and 1153.[1] Trial in this matter was originally set for the March 17, 2008 trailing docket. On March 6, 2008, upon the Defendant's motion for a continuance, the Court reset the trial for May 19, 2008. On April 8, 2008, upon motion of the Defendant, the Court designated this a complex case and ordered the parties to confer and submit a proposed joint scheduling order. After reviewing the

---

[1] On August 26, 2008, a superseding indictment was issued charging Mr. Hornedeagle with two counts of aggravated sexual abuse of a child.

proposed joint scheduling order and conferring with counsel, the Court reset the trial for December 1, 2008. On October 27, 2008, the Defendant once again moved for a continuance, noting that a proposed expert witness for the defense, Dr. Guertin, a forensic pediatrician based in Lansing, Michigan, would not be available to testify until April 2009. On November 7, 2008, the Court, finding that the ends of justice outweighed the interests of the public and parties for purposes of speedy trial computations, granted a continuance and ordered the parties to once again confer and submit a proposed joint scheduling order. Trial was reset on April 6, 2009 in order to accommodate Dr. Guertin's schedule.

On March 12, 2009, the Court advised the parties that it had developed a scheduling conflict during the second week of April. Both parties expressed their intention to move forward on the April 6, 2009 trial date. On March 16, 2009, the Court held a status conference in order to discuss the trial schedule. Accommodating Dr. Guertin's inflexible schedule became the primary issue for setting a trial date. Anthony White, attorney for the defense, however, represented that Dr. Guertin had committed to be available to testify on April 13, 2009. The Court, after consultation with the parties, agreed to keep the April trial setting, and suggested moving Voir Dire to April 3, 2009 in order to allow more time for testimony and provide for any exigencies. On March 20, 2009, the parties presented the Court with a detailed trial plan, formulated around keeping the April trial setting in order to accommodate Dr. Guertin's schedule. All parties agreed to begin the trial on April 3, 2009. In anticipation of trial, the Court issued jury summons and questionnaires.

On April 2, 2009, literally on the eve of trial, when out-of-town jurors had begun arriving in Las Cruces, the Defendant filed his Motion to Continue the Jury Trial. Defendant's motion represents that, on April 1, 2009, Mr. White received an email from Cynthia Danby, Dr. Guertin's

administrative assistant, advising him that Dr. Guertin would be unable to testify at trial because the doctor who had agreed to cover for him would be in Israel until April 13, 2009. Mr. White exercised due diligence in attempting to contact Dr. Guertin; however, he was unable to contact him until April 2, 2009. Dr. Guertin advised Mr. White that his coverage fell through, that he was unable to find a replacement, and that he was unable to leave his patients. Dr. Guertin further stated that, even if subpoenaed, he would not leave his patients to testify at trial. The Court held a hearing addressing this matter at the end of the day on April 2, 2009. Mr. White represented at the hearing that Dr. Guertin's findings and opinions regarding the medical examination conducted on the alleged victim in this case are necessary and essential components of the defense and that Mr. Hornedeagle would lose any chance of a fair trial without Dr. Guertin's expert testimony. The United States disputed the necessity of Dr. Guertin's expert testimony and opposed a continuance, citing *inter alia* the fact that the United States does not dispute Dr. Guertin's report, the victim's right to a speedy trial, the harm caused to the victim and victim's family associated with preparing for trial only to have it continued, and the availability of other alternatives that would allow this matter to move forward as scheduled.

## II.     Applicable Legal Standards.

The decision to grant or deny a motion for continuance of trial is placed within the sound discretion of the district court. *United States v. Diaz*, 189 F.3d 1239, 1247 (10th Cir. 1999). A district court abuses its discretion if its decision to deny a continuance is arbitrary or unreasonable and materially prejudices the defendant. *United States v. Dowlin*, 403 F.3d 647, 663 (10th Cir. 2005). The standards that are to guide the district court's discretion in determining whether to grant or deny a motion for a continuance of trial include:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance.

*United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993) (citations omitted). In addition, if a continuance is sought because a witness is unavailable, the movant must show that the witness would appear and be willing to testify, and would provide substantial favorable evidence. *United States v. Ruiz*, 221 F.3d 1354 (Table), 20 WL 93008 at *3 (10th Cir. 2000) (citing *United States v. Rodriguez*, 15 F.3d 408, 411 (5th Cir. 1994)). Similarly, a party that seeks a continuance to obtain witness testimony is also required "to show who the witness was, what his testimony would be, and that the testimony would be competent and relevant." *Dowlin*, 403 F.3d at 663.

**III.   Discussion.**

Applying the applicable legal standards, the Court concludes that the Defendant has not made a sufficient showing to justify a continuance. According to Defendant's motion, Dr. Guertin notified Mr. White on April 1, 2009 that he would be unavailable to testify as scheduled. Mr. White attempted to follow up with Dr. Guertin on April 1-2, 2009, and the Defendant filed his motion for a continuance on April 2, 2009. Trial was scheduled to begin on April 3, 2009, but, according to the parties' joint trial plan, Dr. Guertin was not scheduled to testify until April 13, 2009. The Court recognizes that the Defendant sought a continuance as soon as practicable after Dr. Guertin had represented that he would be unavailable to testify as scheduled. However, the Defendant, at the time of requesting a continuance, had not exercised diligence in exercising his legal right to compel Dr. Guertin's presence at trial, nor had he fully explored other alternatives for securing Dr. Guertin's testimony for trial. Indeed, at the time the Defendant moved for a continuance, the Defendant had

not requested a subpoena to compel Dr. Guertin's presence at trial, nor had he exhausted other alternatives for securing Dr. Guertin's testimony, including a video conference at trial, a telephone conference at trial, or a videotaped deposition. *See Wynne*, 993 F.2d at 767.

Rule 17(b) requires that a subpoena be issued on the condition that a witness' presence is necessary to the defense. Fed.R.Crim.P. 17(b). "Necessary" means "relevant, material and useful." *United States v. Gallagher*, 620 F.2d 797, 799 (10th Cir. 1980). To show necessity, a defendant must demonstrate particularized need. *United States v. Rogers*, 921 F.2d 1089, 1094 (10th Cir. 1990). The Court does not dispute the fact that Dr. Guertin is a necessary witness for the defense. As such, the Court is required to lend its authority to securing his presence at trial. Fed.R.Crim.P. 17(b). Given Dr. Guertin's importance to the defense, the Court concludes that the Defendant cannot claim to have exercised the diligence required to justify a continuance without exercising his right to compel Dr. Guerin's presence at trial or exhausting alternatives to otherwise secure his testimony for trial. The Court, therefore, concludes that the Defendant did not exercise the necessary level of diligence to justify the continuance of trial. *See Wynne*, 993 F.2d at 767.

The Defendant's sole reason for requesting a continuance is Dr. Guertin's representation that he is no longer available to testify at trial on April 13, 2009. Given the difficulties in scheduling Dr. Guertin to testify at trial and his evident refusal, on the eve of trial, to honor his previous commitments to the defense, the Court lacks confidence that Dr. Guertin would, without a subpoena, fulfill his obligations to the defense by tailoring his schedule to accommodate the Court's busy calendar. Furthermore, if granted, the continuance would seriously inconvenience the Court, the prosecution, and prospective jurors who had been summoned from distant locations. *See Dowlin*, 408 F.3d at 663. Dr. Guertin's narcissistic lack of consideration for the Defendant, the victim, the

victim's family, other witnesses who are scheduled to testify in this matter, the jury, the attorneys, the Court, and the law itself further diminish the Court's confidence that he would voluntarily accommodate the Court's busy calendar or keep a commitment to testify at a future date. Thus, the Court has no reason to believe that granting a continuance would increase the likelihood that Dr. Guertin would make the time or keep a future commitment to testify at trial. *See Wynne*, 993 F.2d at 767.

The need asserted by the defense for a continuance is to protect the Defendant's right to a fair trial by making it possible for Dr. Guertin, a necessary expert witness for the defense, to provide testimony in this matter. Furthermore, the Defendant asserts that his defense will be compromised and his right to a fair trial will be materially prejudiced if Dr. Guertin is not available to testify at trial. The Court is willing to concede that Dr. Guertin is a necessary witness for the defense. *Gallagher*, 620 F.2d at 799. The Court also recognizes that the Defendant is faced with a difficult strategic dilemma in deciding whether or not to subpoena Dr. Guertin. However, at this late stage of events, the Court cannot justify granting a continuance, especially because the Defendant has not yet exercised his legal right to compel Dr. Guertin to testify or otherwise exhausted other viable options for securing his testimony for trial. *See Dowlin*, 408 F.3d at 663. Indeed, if the defense makes the strategic determination that Dr. Guertin's testimony is a necessary part of its representation of the Defendant, the Defendant retains the right to avail himself of Dr. Guertin's testimony through the subpoena process. Fed.R.Crim.P. 17(b).

The Court recognizes that Dr. Guertin, posturing as being faced with the ethical dilemma of deciding between testifying in this matter and remaining with his patients, has stated that he will disobey a subpoena. The Court, however, is unpersuaded that Dr. Guertin is faced with any such

dilemma. Dr. Guertin has had more than sufficient time to arrange his schedule to allow him to meet his longstanding commitment to testify in this matter. Indeed, at the time the Defendant moved for a continuance, Dr. Guertin still had more than a week and a half to make arrangements to testify as scheduled. The Court cannot allow the workings of justice to grind to a halt merely because an expert witness refuses to honor his commitments around which the Court and the parties have worked for months. The Defendant can rest assured that, if requested, the Court will exert its full authority to secure Dr. Guertin's attendance at trial. Indeed, if Dr. Guertin is faced with the choice of making arrangements for his patients for the short period of time required for him to testify in this matter or the alternative of making arrangements for his patients for a much longer period of time for him to serve a contempt sentence, the Court is confident that he will strike a balance so as to allow him to honor his commitments, to meet the demands of justice, and to uphold the ethical requirements of his profession.

In addition to the subpoena process, the Defendant retains other options for presenting Dr. Guertin's testimony to the jury. Dr. Guertin's expert testimony has been reduced to a written report. The prosecution has stated that it will stipulate to the admission of Dr. Guertin's written report. In addition, through the creative application of modern communications technologies, Dr. Guertin's testimony could be adequately presented to the jury by video or telephone conference during trial or by presenting his testimony in a videotaped deposition. The Court notes that the prosecution has, on at least two occasions, presented the defense with the option of using the video conference equipment at the United States Attorney's Offices in Las Cruces, New Mexico and Lansing, Michigan to secure Dr. Guertin's testimony. Thus, noting the availability of other means for presenting Dr. Guertin's testimony to the jury, the Court cannot conclude that the Defendant's right

to a fair trial would be materially prejudiced by the denial of a continuance. *See Wynne*, 993 F.2d at 767.

IV.    **Conclusion.**

The Defendant, at the time he requested a continuance, had not requested a subpoena to compel Dr. Guertin's presence at trial, nor had he exhausted other alternatives for securing Dr. Guertin's testimony. In addition, the Court has no reason to believe that granting a continuance would increase the likelihood that Dr. Guertin would make the time, or keep a future commitment, to testify at trial. Furthermore, noting the availability of the subpoena process and other means for presenting Dr. Guertin's testimony to the jury, the Court cannot conclude that the Defendant's right to a fair trial would be materially prejudiced by the denial of a continuance. *See Id.*

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Mr. Hornedeagle's Motion to Continue the Jury Trial is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**